UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNA J. FLOYD     CIVIL ACTION

VERSUS

CHILLY'S L.L.C. OF ALABAMA     NO.: 15-00544-BAJ-RLB

<u>RULING AND ORDER</u>

Before the Court is Plaintiff's **Motion to Strike Statement of Material Facts and Declarations (Doc. 9)** and Defendant's **Motion to Strike Exhibit 4 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc 12)**. Both motions dispute the admissibility of attachments submitted with the Motion for Summary Judgment (Doc. 8), and Plaintiff's response (Doc. 10). For reasons explained fully herein, Plaintiff's **Motion to Strike Statement of Material Facts and Declarations (Doc. 9)** is **GRANTED IN PART AND DENIED IN PART** and Defendant's **Motion to Strike Exhibit 4 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 12)** is **GRANTED.**

I.     BACKGROUND

On August 18, 2015 Plaintiff Verna J. Floyd, as representative of the estate of her deceased son Jody Floyd, initiated suit against Defendant Chilly's L.C.C. of Alabama. (Doc. 1). Plaintiff alleges that the Americans with Disability Act ("ADA") was violated by the firing of Jody Floyd, who at the time of his firing was undergoing treatment for cancer. (*Id.* at 1-2). In an effort to dismiss the claims, Defendant filed a

1

Motion for Summary Judgment (Doc. 8).¹ Submitted with the Motion for Summary Judgment was a series of exhibits and Defendant's Statement of Material Facts as to Which There is No Genuine Issue at Trial. (*Id.*). Subsequently, Plaintiff filed a motion seeking to strike Defendant's Statement of Material Facts to Which There is No Genuine Issue at Trial, interrogatories, request for productions, and sections of affidavits that were attached to the Motion for Summary Judgment. (Doc. 9).

Plaintiff then filed her response to the Motion for Summary Judgment. (Doc. 10). She attached to her opposition a letter from the U.S. Equal Employment Opportunity Commission ("EEOC") indicating that the EEOC had determined that there "is reason to believe that violations of the ADAAA have occurred." (Doc. 10-4 at p. 1). Defendant subsequently filed a motion seeking to strike this letter. (Doc. 12).

## II. DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure defines the admissibility of evidence courts may consider when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c). Parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." *Id.* Further, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Parties may object if

---

¹ The ruling on the Motion for Summary Judgment will be the subject of a separate ruling.

evidence is not in admissible form. *Id.* In this case, instead of "objecting" to the evidence, each party has instead moved to strike the evidence from the record, arguing that such evidence is inadmissible.

### A. Defendant's "Statement of Material Facts as to Which There is No Genuine Issue for Trial"

The first attachment that Plaintiff seeks to strike is the "Statement of Material Facts as to Which There is No Genuine Issue for Trial" ("the Statement"). (Doc. 9-1 at p. 2). Plaintiff argues that the facts presented in the Statement are not properly supported, and thus, the Statement in its entirety should be stricken from the record. (*Id.*). However, such a broad request must be denied.[2] The Court has reviewed the assertions in the Statement and the record, including evidence submitted with the Motion for Summary Judgment, and finds that Defendant's assertions seem to be supported in the record. Even if Plaintiff is able to point to specific portions in the record that are unsupported, her motion fails to specifically point to statements in which there is no evidentiary support in the record. Thus, the Court will consider the facts included in the Statement.

### B. The Interrogatories

Plaintiff next moves to strike Exhibit 2 to the Motion for Summary Judgment, which is the Defendant's Responses to First Interrogatories and Request for Production of Documents by Plaintiff ("Interrogatories"). (Doc. 8-3). While interrogatories are typically admissible under Rule 56, Plaintiff argues that the

---

[2] The Court notes that Plaintiff makes no specific indications as to which parts of the Statement are not supported by evidence in the record, but instead, Plaintiff makes the blanket assertion that the entire statement is unsupported, and requests that the entire statement be stricken from the record.

3

interrogatories here fail to meet the standards established by the Federal Rules of Civil Procedure, specifically, that a corporate officer of Defendant has not signed the interrogatories under oath. (Doc. 9-1 at p. 2). Instead, the Defendant's lawyer signed the interrogatories.

Defendant advances three responses. First, Defendant argues that the interrogatory is valid—and therefore admissible for summary judgment purposes under Federal Rule of Civil Procedure 56—because the term corporate "officer" is broad enough to include the lawyer representing the corporation. (Doc. 20 at p. 5). Next, Defendant argues that instead of striking the interrogatories, the Court should require that Defendant supplement the interrogatories with a version signed by a corporate officer. (*Id.*). Finally, Defendant argues that even if the Court strikes the interrogatories, there is no practical effect because the assertion that the interrogatory is submitted to support has other evidentiary support in the record. (*Id.*).

Federal Rule of Civil Procedure 33(b) states that "[t]he interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by *any officer or agent*, who must furnish the information available to the party." Fed. R. Civ. P. 33(b). Courts have construed Rule 33 to require the party, not the counsel, to sign the interrogatories. *See, e.g., Leleux-Thubron v. Iberia Par. Gov't*, No. 6:13-CV-00852, 2015 WL 5519231, at *3 (W.D. La. Sept. 16, 2015) (signature by counsel was not sufficient to meet the requirements of Federal Rule of Civil Procedure 33(b));

4

*Swank v. Scottsdale Ins. Co.*, No. CIV.A. 10-0061, 2011 WL 1044625, at *3 (W.D. La. Mar. 21, 2011) (same); *Entergy Louisiana, Inc. v. Nat'l Union Fire Ins. Co.*, No. CIV. A. 98-219, 1999 WL 239511, at *2 (E.D. La. Apr. 21, 1999) (same). Thus, Defendant's interrogatories fail to comply with the rule, and must be stricken, because they are inadmissible for the purposes of summary judgment.

The Court would otherwise grant Defendant an opportunity to correct the deficiency by allowing Defendant time to supplement the interrogatories; however, the Court agrees with Defendant that the relevant information contained in the interrogatories appears elsewhere in the record in admissible form. Thus, Defendant will not be required to supplement its responses. Accordingly, Plaintiff's request to strike Exhibit 2 from Defendant's Motion for Summary Judgment is granted.

### C. Affidavits

Plaintiff also seeks to strike sections of the affidavits of several of the Defendant's witnesses. (Doc. 9-1 at pp. 3-6). For testimony from an affidavit to be admissible for summary judgment purposes, the affidavit must: 1) be based on personal knowledge, 2) set out facts that would be admissible in evidence, and 3) show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Further, it is not enough to merely state that the affidavit is based on personal knowledge, it must be clear that it is also based on facts alleged in the affidavit. *See Bright v. Ashcroft*, 259 F. Supp. 2d 494, 498 (E.D. La. 2003)("A declarant must provide evidence to establish that he has personal knowledge of the facts stated."). Personal

5

knowledge means that the affiant "must have had an opportunity to observe, and must have actually observed the fact." *Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 673 (W.D. Tex. 2015). Finally, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Walker v. SBC Servs., Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. 2005). Any statements that violate the rule[s] may "not [be] considered for summary judgment purposes; any portions of the declarations that are not struck remain part of the summary judgment record." *Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 673 (W.D. Tex. 2015).

1. *Affidavit of Ryan Flynn*

Plaintiff argues that several sections of the affidavit of Ryan Flynn should be stricken from the record, as they are inadmissible for the purposes of summary judgment because they lack any indication that the assertions are based on personal knowledge. (Doc. 9-1 at p. 6). Specifically, Plaintiff moves to strike parts of ¶4 and ¶5, which state the following: 1) "Jody Floyd made calls outside of his territory, including in Alexandria," and 2) "Jody Floyd was offering free ice cream to prospective customers which is against the rules of the Louisiana Dairy Board." (Doc. 8-4 at p. 1).

As previously stated, the affidavits must be based on personal knowledge and contain more than conclusory allegations. The statements from this affidavit do not indicate that the affiant observed or was otherwise aware that Jody Floyd made the calls, or indicate that the affiant had personal knowledge that Jody Floyd gave away free ice cream. Neither statement indicates how the affiant was aware of this

information, but merely offers a conclusory statement at the beginning of the affidavit that the information was "personal knowledge." (Doc. 8-4 at p. 1). Accordingly, under the applicable standard, the paragraphs objected to in this affidavit are not admissible for summary judgment purposes, and the Court will grant Plaintiff's request to have these paragraphs stricken from the record.

   2. *Affidavit of Randy Oliveri*

Plaintiff next raises objections to the affidavit of Randy Oliveri. (Doc. 9-1 at p. 6). First, Plaintiff seeks to strike ¶5 which reads:

> While Jody Floyd was employed by Chilly's, the Dairy Board notified me that Jody Floyd was offering free ice cream to prospective customers which is against the rules of the Louisiana Dairy Board. This created problems for Chilly's including a Dairy Board investigation. Myself and Skip Laviolette were called into the Dairy Board concerning this free ice cream issue.

(Doc. 8-5 at p. 1). Plaintiff raises two objections to this paragraph. First, that the first sentence is inadmissible because it is hearsay contained within an affidavit. (Doc. 9-1 at p. 5). Plaintiff's second objection asserts that the second half of the paragraph should not be admitted because there is no additional documentation of the investigation. (*Id.*).

As to Plaintiff's hearsay objection, plaintiff is correct that when the affidavit contains hearsay, such hearsay from the affidavit is inadmissible. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Hearsay evidence is evidence used to prove *the truth of the matter asserted.* Fed. R. Evid. 801. Thus, how the statement is used is determinative of whether it is hearsay. Here, the statement is not admissible to prove that Jody Floyd, in fact, was offering free ice cream. However, it may be admissible

7

to demonstrate that the Dairy Board investigated Chilly's L.L.C. allegedly because Jody Floyd provided free ice cream to customers. As such, the statement would then not be used to prove the truth of the matter asserted (i.e. that Jody Floyd, in fact, provided free ice cream). Since the first portion of ¶5 may still be admissible, depending on its use, the Court will decline to strike the statement at this time.

As to Plaintiff's objection that the absence of additional documentation makes the remainder of ¶5 inadmissible, Plaintiff does not offer any support that the requirement for affidavits under the Federal Rule 56 is so stringent. Nor do the rules lead the Court to conclude that this evidence must be struck. To the contrary, the facts asserted are relevant, admissible, and based on personal knowledge. Accordingly, the Court declines to strike ¶5.

Next, Plaintiff moves to strike specific sentences of ¶6. That paragraph reads:

> There were times when no one could get in touch with Jody Floyd. It was discovered one time that he was at a casino when he was supposed to be working and another time he was at a baseball game. One time I had to pick up a freezer placed by Jody Floyd in what appeared to be a crack house, with no cash register or shelves. Jody Floyd's job performance was unsatisfactory. On several occasions I communicated to Jody Floyd that his work performance was not satisfactory.

(Doc. 8-5 at p. 1). Plaintiff objects that the statement "[i]t was discovered one time that he was at a casino when he was supposed to be working and another time he was at a baseball game" is clearly not based on personal knowledge because the way it is worded suggests that Randy Oliveri did not discover the information personally. (Doc. 9-1 at p. 4). The Court is persuaded that the wording, coupled with the lack of factual indication that the information is personal knowledge, demonstrates that this

8

statement is inadmissible, and thus, the sentence starting with "[i]t was discovered" must be stricken from the record.

However, the remainder of the paragraph provides information about which the affiant adequately demonstrates that he has personal knowledgez, and is otherwise admissible. Accordingly, the remainder of ¶6 will remain.

3. *Declaration of Chester "Skip" Laviolette*

Plaintiff also raises objections to the affidavit Chester "Skip" Laviolette. (Doc. 9-1 at p. 4-5). Plaintiff's first objection is to the second half of ¶4, which reads: "His paperwork was sloppy and spotty and often not delivered." (Doc. 8-6 at p. 4). Plaintiff argues that this information is inadmissible because it is too vague. (Doc. 9-1 at pp. 4-5). While Mr. Laviolette could have provided greater detail, the information is not so vague that it is unhelpful in deciding the issues on summary judgment, and therefore, the Court will decline to strike this section.

Plaintiff next raises objections to ¶5, which reads:

> While he was employed by Chilly's, Jody Floyd was offering free ice cream to prospective customers which is against the rules of the Louisiana Dairy Board. This created problems for Chilly's including a Dairy Board investigation. Myself and Randy Oliveri were called into the Dairy Board concerning this issue created by Jody Floyd.

(Doc. 8-6 at p. 1). Plaintiff raises two objections. First, Plaintiff objects that the affidavit does not contain sufficient factual assertions to demonstrate the information in the first sentence is based on personal knowledge, and this information is merely hearsay from the Dairy Board. (Doc. 9-1 at pp. 4-5). Second, Plaintiff argues that the

9

rest of the paragraph should be stricken because no documentation from the Dairy Board has been attached to the Motion for Summary Judgment. (*Id.*).

As to the first objection, the affidavit lacks sufficient factual support to demonstrate that Mr. Laviolette had personal knowledge that Jody Floyd was giving away free samples of ice cream, and thus, it will be struck from the record. However, as to the second objection, as previously noted for the same objection made to strike the affidavit of Randy Oliveri, there is nothing objectionable about the remainder of the paragraph.

### D. EEOC Letter

Defendant's Motion to Strike also seeks to strike the EEOC letter that the Plaintiff attached to his Response to the Motion for Summary Judgment. (Doc. 12). The letter states in part that: "There is reason to believe that violations of the ADAAA have occurred." (*Id.* at 1). Defendant argues that the letter is inadmissible hearsay, because it is an out of court statement used to prove what it asserts. (*Id.*). Further, unlike affidavits and depositions—which Rule 56 expressly allows—the letter is unsworn.

The United States Court of Appeal for the Fifth Circuit has held that similar letters from the EEOC cannot be used on summary judgment to prove an issue of material fact. *Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332-33 (5th Cir. 2007) ("The letters from the EEOC file cannot be used to defeat summary judgment because they are unauthenticated, they are not in the form of an affidavit, and they do not indicate that they are 'made on personal knowledge' as required by Federal Rule of

Civil Procedure 56(e)."). Accordingly, Defendant's motion to strike the letter from the record will be granted.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Strike Statement of Material Facts and Declarations (Doc. 9)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's **Motion to Strike Exhibit 4 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 12)** is **GRANTED.**

Baton Rouge, Louisiana, this 21st day of April, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**